[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Andrew La Fontan brought this action against his son, Denis La Fontan, seeking an injunction and money damages. By warranty deed dated November 22, 1946, the plaintiff and his wife, Elizabeth La Fontan acquired 78.9 acres of land on the southerly side of Camps Flat Road in Kent, Connecticut. For many years this property has been used as a residence as well as a source of earth materials including humus.
During her lifetime the La Fontan Humus business was operated by Mrs. La Fontan who hired her son the defendant to manage the business. She died on March 22, 1992 and by right of survivorship, title to the property vested in the plaintiff. In 1990 various equipment was purchased including an excavator for $3,000.00, a dump truck for $3,000.00 and a winch truck for $7,000.00. Although the business was owned by the plaintiff and his wife, the defendant arranged for title to this equipment to be listed in his name.
After the death of Mrs. La Fontan, the plaintiff informed the defendant that he was finished with the business but that he could clean up what material had already been harvested. He also demanded the CT Page 6284 transfer of the equipment purchased with funds provided by the parents. The defendant has refused to comply with the plaintiff's demands and this litigation ensued. On February 11, 1993, counsel for Andrew La Fontan notified the defendant as follows:
 February 11, 1993. Mr. Denis LaFontan, 10 Camps Flat Road, Kent, CT 06757 Re: LaFontan Humus Dear Mr. LaFontan: Please be advised that this law firm represents Mr. Andrew LaFontan, Sr. Mr. LaFontan has retained us to represent him regarding the issues associated with the above referenced business.
 Mr. LaFontan, as sole owner of the business and the real property upon which the business is conducted, hereby gives you written notice that you are to cease any activity on the property that he owns or any activity that is in any way associated with LaFontan Humus except as authorized in this letter.
 Further, you are to transfer the title to the business equipment to Mr. LaFontan, in his sole name, no later than thirty (30) days from the date of this letter. Properly executed transfers of title delivered either to Mr. LaFontan directly, or to me, will be satisfactory.
 You are specifically authorized to continue to sell the earth products which have already been dug out of the property. Mr. Andre LaFontan, Sr. reserve the right to terminate this authorization, with or without cause, upon five (5) days written notice to you.
 The proceeds from the sale of the earth products are to be accounted for, monthly, directly to Mr. LaFontan. A portion of the proceeds will be applied to the insurance and the real property taxes for the business premises.
 This authorization shall terminate on June 1, 1993. In the event that you fail to transfer the title to the business equipment within the time frame as set forth above, this authorization will be terminated.
 In the event that you, or your attorney, have any questions in this regard, you may contact me at my office. Sincerely Theresa B. D'Alton.
Thereafter on April 20, 1993, counsel wrote to the defendant as follows:
 April 20, 1993, Mr. Denis LaFontan, 10 Camps Flat Road, Kent, CT 06757 Re: LaFontan Humus CT Page 6285
Dear Mr. LaFontan:
 You have failed to respond to the letters sent to you dated February 11, 1993 and February 17, 1993. Further, you have failed to transfer the title to all of the business equipment you purchased on behalf of Mr. Andre LaFontan, Sr. with his funds, but registered in your name. You have also failed to account to him for the earth materials which you have taken from his property. Therefore, this letter is written notice to you that you have no authorization to come on to the property owned by Mr. Andre LaFontan, Sr. to remove any earth materials of any kind from the property.
 The proposals set forth in the letters to you dated February 11, 1993 and February 17, 1993 are hereby withdrawn and any license to come on to the real property and to excavate and remove for resale any earth materials is hereby terminated.
 Any attempt by you to enter on to the property of Mr. Andre LaFontan, Sr. will be a trespass. I have een [been] authorized by Mr. Andre LaFontan, Sr. to take wahtever [whatever] steps are necessary to insure the security of his real property and his business.
Sincerely, Theresa B. D'Alton.
The defendant claims that he has a license coupled with an interest and that therefore no injunction should issue and that at the least he should be given a reasonable time to remove all materials previously harvested. See Ely v. Cavanaugh, 82 Conn. 681. The court finds that at no time either prior to the death or thereafter did the defendant acquire a license to remove earth materials from the property. While by the letter of February 11, 1993 an offer of a conditional license was extended, its terms were not accepted by the defendant. The court finds that the plaintiff has sustained his burden of proof on the first count and that therefore an injunction should issue.
As to the second count covering the equipment purchased on February 6, 1990, the court finds that the defendant wrongfully had title placed in his own name when he was merely an employee. The court further finds that the rightful owner of this property is the plaintiff and that he is entitled to its return.
For the reasons stated judgment may enter on the first count enjoining the defendant Denis La Fontan, his agents, servants and/or assigns, under penalty of law, from entering onto the following described property CT Page 6286 located in the Town of Kent, County of Litchfield and State of Connecticut:
 Northerly, by State Aid Highway, leading from Kent to New Milford, Easterly, Northerly and Westerly, by land of Robert Rogers, Northerly, by said State Aid Highway, Easterly and Northerly by land of Frank Morehouse; Southeasterly, by land now or formerly of William Thomas, Southerly by land of Alfred Lane; Westerly, southerly, westerly and southerly by land of said Lane; Westerly, by Town Highway leading from South Kent to New Milford, containing 78.9 acres, more or less, with a dwelling house thereon standing, and being shown upon a certain survey map entitled "Map Showing Property of A. Campagna, Town of Kent, State of Conn. all boundaries are as designated by Arthur Page surveyed Sept. 1945 Joseph L. Bennett Reg. Land Surveyor", being designated as Map No. 2 of three maps, filed with said Town Clerk of Kent, to which map further reference is hereby made for more particular description.
 TOGETHER with all rights, water rights and rights of way appurtenant to said premises, but subject to such rights, water rights and rights of way as may appear of record.
As to the second count, judgment may enter for the plaintiff and the defendant is ordered to transfer title to the plaintiff of the 1969 Drott Excavator; 1968 International Dump truck; and 1952 Winch truck. In addition, he shall return to the plaintiff any other equipment used in the business including a 1949 caterpillar loader and a 1954 Michigan payloader.
PICKETT, J. CT Page 6287